**EMPIRE INSURANCE COMPANY,
Plaintiff-Respondent,**

v.

**FARM BUREAU TOWN & COUNTRY INSURANCE COMPANY OF MISSOURI and William O. Coleman, Defendants-Appellants.**

**No. 44488.**

Missouri Court of Appeals,
Eastern District,
Division Three.

April 6, 1982.

Motion for Rehearing and/or Transfer
Denied May 14, 1982.

Application to Transfer Denied
June 14, 1982.

Robert A. Wulff, Amelung, Wulff & Willenbrock, St. Louis, for defendants-appellants.

Daniel J. Harlan, Harlan & Harlan, St. Louis, for plaintiff-respondent.

SNYDER, Judge.

This is a declaratory judgment action to determine whether Empire Insurance Company (Empire) or Farm Bureau Town & Country Insurance Company of Missouri (Farm Bureau) provided primary coverage for liability arising out of a truck collision. The trial court ruled that Farm Bureau was the primary insurer and that Empire was responsible only for excess coverage. Farm Bureau appealed, charging the trial court erred in its application of the law. The judgment is affirmed.

William Coleman was engaged in the business of hauling materials in dump trucks. On August 7, 1978 a truck operated by Coleman's company under a lease from John Speidel was involved in a collision with another motor vehicle. The occupants of the other vehicle sued Eric Speidel, the truck's driver. Empire, which carried liability insurance on the leased truck for John Speidel brought this action to have appellant, Farm Bureau, the liability insurer for Coleman's trucks, declared the primary carrier and to require appellant to defend against the suit.

The lease agreement between Coleman and John Speidel provided that Coleman would be "responsible for providing public liability and property damages insurance" for the leased truck. Coleman testified, over objection, that he provided the insurance by having John Speidel purchase liability insurance.

John Speidel bought a liability insurance policy for the truck from Empire. An endorsement to the policy stated, in part,

"[N]o coverage is extended to any person, firm or organization using the automobile, *or legally responsible for the use of the automobile, pursuant to any lease* ... except that this limitation does not apply to the insured named in Item 1 of the declaration of this policy. [John Speidel].

"In the event the automobile insured by this policy is being used or maintained pursuant to any lease, ... the insurance afforded the NAMED INSURED shall be EXCESS INSURANCE over any other insurance." (Emphasis supplied).

The lease of the truck between John Speidel, lessor, and William Coleman, lessee, provided that Coleman would have exclusive control and possession of the truck during the lease period.

John Speidel provided Coleman with a certificate of insurance from Empire. The certificate stated, in part, "This certificate of insurance neither affirmatively nor negatively amends, extends or alters the coverage afforded by any policy described herein."

Appellant's Farm Bureau insurance policy covered the trucks owned by Coleman. An endorsement to the policy, filed with the Missouri Public Service Commission, provided coverage for additional vehicles. The endorsement read, in part,

"[T]he company [appellant] hereby waives a description of the motor vehicles insured hereunder and agrees to pay any final judgment rendered against the assured for personal injuries . . . to all persons . . . and damage to property . . . caused by any and all motor vehicles operated by the assured pursuant to a certificate of public convenience and necessity or contract carriers permit. . . ."

The trial court found that appellant had the primary coverage for Coleman's liability from the accident and Empire had the excess coverage. The trial court also ordered appellant to defend the suit against Eric Speidel.

In this court-tried case, judgment must be affirmed unless there is no substantial evidence to support it, unless it is against the weight of the evidence, or unless it erroneously declares or applies the law. Rule 73.01. Murphy v. Carron, 536 S.W.2d 30, 32[1–3] (Mo. banc 1976). There was no factual dispute and no erroneous application of the law. Therefore, judgment must be affirmed.

Appellant admits that its policy provided some coverage for the claim arising from the accident. The only issue is whether the trial court erred in assigning the primary coverage to appellant's policy.

Appellant argues the rule that the vehicle owner's insurance is the primary insurance should apply. United States Fidelity and Guaranty Company v. Safeco Insurance Company of America, 522 S.W.2d 809, 821[10, 11] (Mo. banc 1975); State Farm Mutual Automobile Insurance Company v. Mid-Continental Casualty Company of Tulsa Oklahoma, 378 S.W.2d 232, 236–237[4] (Mo.App.1964); Fidelity and Casualty of New York v. Western Casualty & Surety Company, 337 S.W.2d 566, 577[10] (Mo.App. 1960). These cases, however, do not espouse a per se rule that the owner's insurance is always primary. Rather, the cases turn on the provisions of the particular policies in question.

The policy provisions control so long as the provisions in the various policies are not mutually repugnant. Arditi v. Massachusetts Bonding & Insurance Company, 315 S.W.2d 736, 743[6] (Mo.1958); Equitable Mutual Insurance Company v. Insurance Company of North America, 602 S.W.2d 904, 906–907[1] (Mo.App.1980).

No repugnancy exists between the two policies in the case at bar. The endorsement to appellant's Farm Bureau policy expressly stated that appellant would provide coverage for Coleman's liability for any vehicle operated by Coleman under his certificate of public convenience and necessity issued by the Public Service Commission. Empire's endorsement expressly limited its coverage of John Speidel's truck to excess coverage of the named insured while the truck was being operated under a lease. The certificate of insurance provided to Coleman by Empire expressly stated that it did not change the coverage of Empire's policy.

Empire's policy provided only limited coverage. Farm Bureau's policy did not limit its coverage. Given these policy provisions, the trial court did not err in declaring that appellant's policy had the primary coverage and Empire had the excess.

The judgment is affirmed.

REINHARD, P. J., and CRIST, J., concur.