Dana Frese, Jefferson City, William Mize, Kansas City, R. Wayne Moore, Richard Aron Burke, Rock Port, for Respondents.

## SHELTER MUTUAL INSURANCE COMPANY, Appellant,

v.

Gary **GEBHARDS**, Jacque Gayle Gebhards, Tad R. Gebhards, State Farm Mutual Automobile Insurance Company, Farm Bureau Town and Country Insurance of Missouri, R. Wayne Moore, and Richard Aron Burke, Respondents.

No. WD 53374.

Missouri Court of Appeals, Western District.

June 24, 1997.

SPINDEN, Judge.

Shelter Mutual Insurance Company appeals the circuit court's judgment holding Shelter liable for coverage of injuries sustained in an automobile accident by a passenger of a pickup driven by one of Shelter's insureds. The accident occurred while the driver and passenger were performing work duties for their mutual employer. Shelter contends that the "fellow employee exclusion clause" in its policy precluded coverage and that the circuit court erred in finding that it was obligated to provide coverage to the full extent of the Motor Vehicle Financial Responsibility Law.[1] We agree and reverse the circuit court's judgment.

The accident occurred on July 2, 1991, while Richard Aron Burke, whose parents were insured by Shelter, was driving a pickup owned by R. Wayne Moore and Mary K.

---

**1.** The circuit court also ruled that State Farm Mutual Automobile Insurance Company was lia- ble under a policy it issued to the pickup's own- er, but State Farm did not appeal the ruling.

Moore and which was insured by State Farm Mutual Automobile Insurance Company. The pickup crashed into a bridge, injuring the passenger, Tad R. Gebhards, whose parents were insured by Farm Bureau Town and Country Insurance of Missouri.

Burke, Wayne Moore, and Gebhards were employees of Pierce Fireworks Company. Burke and Gebhards were traveling together in Moore's truck on the job as employees of Pierce Fireworks. Moore had given his permission for Burke to drive his pickup.

Gebhards was a minor at the time of the accident, and his parents demanded that Shelter and State Farm compensate them for Gebhards' injuries. Both insurance companies denied coverage for the Gebhardses' claim on the basis of fellow employee exclusions in their insurance policies.

Farm Bureau, which had issued two insurance policies to the Gebhardses, paid $50,000 from the uninsured motorist coverage of the two policies to settle the Gebhardses' claim. Farm Bureau filed this action in subrogation against Shelter and State Farm to recover the $50,000 Farm Bureau paid to the Gebhardses.

The circuit court found that the workers' compensation and employee exclusions relied upon by State Farm did not exclude its subrogation liability to Farm Bureau. It also found that "[t]he 'fellow employee' exclusions relied upon by Shelter and State Farm to deny coverage under their respective policies of insurance are not enforceable to the extent that the Motor Vehicle Financial Responsibility Law requires insurance coverage in the amount of '$25,000 because of bodily injury to or death of one person in any one accident[.]' "

Shelter's policy excluded coverage for "[b]odily injury to any fellow employee of the insured injured while on the job if the injury arises out of the use of an auto in that job." [2] Although Shelter issued the policy to Burke's parents, Burke was an insured because, as their relative, he was using a vehicle not owned by the Burkes with the owner's permission. The policy provided that it covered "a relative" [3] of a named insured "with respect to a non-owned auto, . . . provided the actual use or operation is with the permission . . . of the owner[.]" [4] The policy also provided that its coverage "applies separately to each insured against whom claim is made or suit is brought."

Shelter does not deny that Burke is an insured, but it claims that coverage of him in this accident is excluded under the fellow employee clause. We have defined "fellow employee" as "another employee of the same employer." *Zink v. Employers Mutual Liability Insurance Company of Wisconsin*, 724 S.W.2d 561, 563 (Mo.App.1986).

Burke and Gebhards were employees of Pierce Fireworks, and Gebhards' injury occurred on the job in the use of an automobile. The fellow employee exclusionary clause of Shelter's policy precluded coverage for bodily injury to Gebhards as a fellow employee of Burke while on the job because Gebhards' injury arose out of the use of an auto in that job. Thus, the policy's plain language excluded coverage of Gebhards' injuries.

The circuit court ruled, however, that the fellow employee exclusion was not enforceable to the extent of the required coverage of $25,000 per person, $50,000 per accident mandated by Chapter 303, RSMo (the Motor Vehicle Financial Responsibility Law). Shelter contends that the fellow employee exclusion clause does not violate Chapter 303.

"The plain purpose of the [Motor Vehicle Financial Responsibility Law] is to make sure that people who are injured on the highways may collect damage awards, within limits, against negligent motor vehicle operators. This protection extends to occupants of the insured vehicle as well as to operators and occupants of other vehicles and pedestrians." *Halpin v. American Family Mutual Insurance Company*, 823 S.W.2d 479, 482 (Mo. banc 1992).[5]

---

2. We omitted the emphasis.

3. Related by blood, marriage, or adoption.

4. We omitted the emphasis.

5. The Halpin court, in evaluating a claim of two minor children against their mother's automobile insurance policy, held that a household exclusion clause violated the Motor Vehicle Responsibility

In considering whether the Motor Vehicle Financial Responsibility Law should be construed in such a way as to "override" an insurance contract containing a fellow employee exclusion clause, the Supreme Court said, "Absent a clear mandate in the statute we are not inclined to override the agreement between [the insurance company] and [the insured]." *Baker v. DePew,* 860 S.W.2d 318, 324 (Mo. banc 1993). We do not find such a mandate in Chapter 303 for "overriding" Shelter's fellow employee exclusion. Instead, § 303.190.5, RSMo 1994, actually provides that a "motor vehicle liability policy need not insure any liability under any workers' compensation law[.]"

The General Assembly has mandated that workers' compensation is the exclusive remedy of workers injured on the job. *Hedglin v. Stahl Specialty Company,* 903 S.W.2d 922, 926 (Mo.App.1995). The parties stipulated that Pierce Fireworks employed between 30 and 40 persons at the time of the accident and was, therefore, subject to the provisions of the workers' compensation statutes. Section 287.030.1(3), RSMo 1994. An employer's liability is specified in § 287.120, RSMo 1994, which says:

1. Every employer subject to the provisions of this chapter shall be liable, irrespective of negligence, to furnish compensation under the provisions of this chapter for personal injury or death of the employee by accident arising out of and in the course of his employment, and shall be released from all other liability therefor whatsoever, whether to the employee or any other person[.]

2. The rights and remedies herein granted to an employee shall exclude all other rights and remedies of the employee, his wife, her husband, parents, personal representatives, dependents, heirs or next kin, at common law or otherwise, on account of such accidental injury or death, except such rights and remedies as are not provided for by this chapter.

The Supreme Court of Missouri has construed this statute to mean that "[t]he workers' compensation law excludes common law actions by employees against their employers

for accidental injuries arising out of and in the course of employment." *Kelley v. DeKalb Energy Company,* 865 S.W.2d 670, 671 (Mo. banc 1993). With regard to actions by employees against fellow employees, "[a]n employer's immunity under § 287.120 from common law liability for failure to provide a safe working environment extends to any employee." *Hedglin,* supra at 926.

However, the employee may lose this immunity and be liable for negligence by an injured fellow employee if the injured employee alleges "[s]omething more"—acts which go "beyond the co-employee's failure to implement the employer's duty of providing a safe workplace." *Id.* at 928 (citing *State ex rel. Badami v. Gaertner,* 630 S.W.2d 175, 180 (Mo.App.1982)). The Supreme Court of Missouri described this "something more" as "an affirmative negligent act," *Tauchert v. Boatmen's National Bank of St. Louis,* 849 S.W.2d 573, 574 (Mo. banc 1993), which this court has further described as an act which "affirmatively causes or increases his fellow employee's risk of injury." *Felling v. Ritter,* 876 S.W.2d 2, 5 (Mo.App.1994).

Gebhards did not allege that Burke did any act which affirmatively increased his risk of injury. He contended only that Burke was responsible for driving the pickup when it crashed into the bridge. The Gebhardses' exclusive remedy for recovery for their son's injuries was under workers' compensation law. Because § 303.190.5 authorizes exclusions for liability covered by worker's compensation laws, Shelter's fellow employee exclusion does not violate the Motor Vehicle Financial Responsibility Act.

Shelter is therefore not obligated to Farm Bureau for its payments to the Gebhardses. The judgment of the circuit court as to Shelter's liability is reversed.

BERREY, P.J., and SMART, J., concur.

---

Act to the extent that it failed to provide the

minimum coverage required by the statute.