George C. BITTING, Trustee of the George C. Bitting Revocable Living Trust Dated 9/5/84, Appellant,

v.

CENTRAL POINTE CONDOMINIUM BOARD OF MANAGERS, Respondent.

No. 72177.

Missouri Court of Appeals, Eastern District, Division Four.

June 30, 1998.

---

Patrick R. Gunn, Sharon R. Wice, Gunn and Gunn, St. Louis, for appellant.

Thomas G. Brackman, Copeland, Thompson & Farris, Clayton, for respondent.

HOFF, Judge.

George C. Bitting, Trustee of the George C. Bitting Revocable Living Trust Dated 9/5/84 (Bitting), appeals from the trial court's judgment in favor of the Central Pointe Condominium Board of Managers (Board) in the amount of $6,770 for condominium assessment fees, late charges and lien costs, and attorney's fees. We affirm.[1]

Bitting owns Condominium Unit K of the Central Pointe Condominiums located at 139 N. Central Avenue, Clayton, Missouri. The Board is authorized to collect assessments from condominium unit owners under a Declaration of Condominium By–Laws and Indenture (By–Laws).

Bitting filed a petition for declaratory judgment, injunctive relief, trespass, and breach of fiduciary duty against the Board

(Petition). In his Petition, Bitting alleged that the ownership percentages set forth in the condominium By–Laws were erroneous. Due to this allegedly erroneous calculation of ownership, Bitting concluded he and other unit owners were being charged larger assessments than their proper share of common area assessment fees. By letter to Bitting dated July 12, 1995, Thomas Brackman (Brackman), attorney for the Board, stated the following in relevant part:

> Enclosed is a copy of the lien that the Board will be filing against you and your unit unless you agree to pay all back fees. The Board has authorized me to then immediately file a counterclaim and to seek recovery of the fees as well as attorney's fees. . . .

The Board subsequently filed a Counterclaim for Collection of Past Due Condominium Fees and Charges and to Foreclose on Condominium Unit (Counterclaim). Bitting voluntarily dismissed his Petition against the Board. At trial on the Board's Counterclaim, there was testimony Bitting had not paid his $1,060 due for January and February 1997 assessment fees, as well as late charges and attorney's fees. Additionally, Brackman testified regarding the legal services he rendered in this matter, including deposition preparation, responding to Bitting's written discovery, trial preparation, and attendance at court proceedings and depositions. Brackman charged the Board $100 per hour for his services.

The trial court entered judgment on the Counterclaim in favor of the Board and against Bitting in the total amount of $6,770, consisting of $1,060 for condominium assessment fees, $288 for late fees and lien costs, and $5,422 in attorney's fees. This appeal followed.

In his first point, Bitting argues the trial court erred in granting a judgment for attorney's fees in favor of the Board and against Bitting under the Uniform Condominium Act, Section 448.3–116 RSMo 1994.[2] Bitting contends that statute only authorizes the award of attorney's fees in an action to fore-

---

1. The Board's motion for attorney's fees on appeal is granted in the amount of $2,827.50.

2. All statutory references are to RSMo 1994 unless otherwise indicated.

close on the condominium association's lien. He asserts the Board's Counterclaim was not tried as an action to foreclose on the lien, but rather as an action for the amount of assessments due.

■ An award of attorney's fees is appropriate where it is provided for by contract or statute or special circumstances weigh in favor of such an award. *City of Pacific v. Metro Dev. Corp.*, 922 S.W.2d 59, 65 (Mo. App. E.D.1996). Section 448.3–116 of the Uniform Condominium Act provides in part:

1. The association has a lien on a unit for any assessments levied against that [condominium] unit or fines imposed against its unit owner from the time the assessment or fine becomes due. The association's lien may be foreclosed in like manner as a mortgage on real estate or a power of sale under chapter 443, RSMo ...

* * *

6. This section shall not prohibit actions to recover sums for which subsection 1 of this section creates a lien, or prohibit an association from taking a deed in lieu of foreclosure.

7. A judgment or decree in *any action brought* under this section shall include costs and reasonable attorney's fees for the prevailing party.

(emphasis added). "When construing a statute, it is the court's purpose to ascertain the legislature's intent from the language used and, if possible, to give effect to that intent." *Schuettenberg v. Board of Police Comm'rs*, 935 S.W.2d 712, 714 (Mo.App. E.D.1996).

■ Although this Court did not locate any case law regarding the granting of attorney's fees under this act, the language of the statute is clear. The legislature clearly intended to allow the awarding of attorney's fees to the prevailing party in "any action brought under [Section 448.3–116]."

The remaining question is whether the Board's Counterclaim was in fact an action "brought under" Section 448.3–116. Impor-

tantly, the Western District has held, "[t]he assessments, the due dates, their delinquency, and all proceedings to enforce the lien, unmistakably ... are ... governed by the [Uniform Condominium Act]." *Carroll v. Oak Hall Assocs., L.P.*, 898 S.W.2d 603, 606 (Mo. App. W.D.1995).

Paragraph 4 of the Board's Counterclaim states:

On July 12, 1995, Bitting owed a total of $2,793.32 in condominium fees, special assessments, fines, and late fees and further has a continuing obligation to pay additional condominium fees in the amount of $265.00 per month during the calendar year in which this suit was filed and all other charges including late fees of $5.00 per month not paid for subsequent months, (a copy of the ledger showing all charges and payments is attached hereto as Exhibit "A" and incorporated herein).

Paragraph 7 of the Board's Counterclaim states:

Pursuant to Section 448.3–116.1 RSMo. of the Uniform Condominium Act of the State of Missouri: "The Association has a lien on a unit for any assessment levied against that unit or fines imposed against its unit owner *from the time the assessment or fine becomes due.*" Pursuant to Section 448.3–116.2 RSMo: "such lien is superior to all other liens except a mortgage or Deed of Trust used to acquire the unit, real estate taxes, or liens prior to the date of Declaration." [A]nd pursuant to the Condominium Declaration and Section 448.3–116.7 RSMo: "judgment or decree in any action brought under this section shall include costs and reasonable attorney's fees for the prevailing party."

The Board sought the following relief:

(1) [the entry of a] personal judgment against ... Bitting,[3] for the sum set forth in Paragraph 4 and for such further amounts which have accrued for all past due Condominium fees, special assessments, fines, lien costs and late charges

---

3. On August 24, 1995, the Board filed an Amended Counterclaim by Interlineation where the Board amended their Counterclaim by replacing "George C. Bitting" individually as the named

Counterclaim Defendant with "George C. Bitting, Trustee for the George C. Bitting Living Trust Dated 9/5/84."

that have accrued prior from (sic) such date, both before and after the filing of this suit, including all Condominium fees, special assessments, late fees and interest that have continued to accrue during the pendency of this suit; and

(2) ... [an] award [of] the Board['s] reasonable attorney's fees, and court costs; and

(3) ... such other, further relief as [the court] deems just and proper.

(footnote added). Therefore, it is clear the Board pursued the Counterclaim pursuant to Section 448.3–116. Thus, the Board is entitled to reasonable attorney's fees. Point denied.

 In his second point, Bitting contends the trial court abused its discretion and was arbitrary in the amount of attorney's fees awarded because the award was more than five times the amount of the judgment for past due assessments. Bitting argues Brackman made no allocation between time spent on the Board's Counterclaim and time spent on Bitting's Petition against the Board.

The trial court is considered an expert on attorney's fees and may award reasonable attorney's fees as a matter of law. *State ex rel. Chase Resorts, Inc. v. Campbell,* 913 S.W.2d 832, 835 (Mo.App. E.D.1995). "[A] trial court's award of attorney's fees, being within its sound discretion, should not be reversed unless the amount was arbitrarily arrived at or was so unreasonable as to indicate indifference and lack of proper judicial consideration." *Bolivar Insulation Co. v. R. Logsdon Builders, Inc.,* 929 S.W.2d 232, 238 (Mo.App. S.D.1996).

Here, the record clearly indicates that Bitting's Petition and the Board's Counterclaim were intertwined. They both related to the same fundamental issue, Bitting's nonpayment of condominium assessment fees. Bitting challenged the amount of assessments he owed and the Board sought to collect the late assessments. In responding to Bitting's Petition and pursuing the Counterclaim, the Board's action fell within the terms of Section 448.3–116, which permits the award of attorney's fees.

Moreover, there was substantial evidence in the record to support the attorney's fee amount awarded by the trial court. Brackman testified extensively at trial regarding the legal services he provided in representing the Board. The trial court also received Brackman's billing statement. The trial court's award of attorney's fees was authorized by statute, was reasonable, and was not arbitrary or an abuse of discretion. Point denied.

Judgment affirmed.

ROBERT G. DOWD, Jr., P.J., and SIMON, J., concur.