**Stephen B. SMITH, Respondent,**

v.

**WAUSAU UNDERWRITERS INSURANCE COMPANY, Appellant.**

No. WD 55029.

Missouri Court of Appeals, Western District.

Oct. 13, 1998.

Russell F. Watters, T. Michael Wood, Heidi K. Potter, Brown & James, P.C., St. Louis, for Appellant.

Susan Ford Robertson, Columbia, for Respondent.

SPINDEN, Presiding Judge.

After Stephen Smith settled a lawsuit for $135,000, he sued Wausau Underwriters Insurance Company for partial payment of the settlement pursuant to the terms of an umbrella policy issued by Wausau to Smith. Wausau denied coverage of Smith's claim because it believed that the coverage afforded by its umbrella policy was the final layer

of insurance available to Smith and it was, therefore, not liable under the policy until Smith exhausted coverages provided by his homeowner's and farm master insurance policies. Smith filed a motion for summary judgment which the circuit court granted. The circuit court ordered Wausau to pay Smith $80,920, its pro-rata share of the unpaid settlement. Wausau appeals. We reverse the circuit court's summary judgment.

Smith had three insurance policies: a homeowner's insurance policy issued by Allied Property and Casualty Insurance Company providing primary personal liability coverage up to $50,000;[1] a farm master insurance policy issued by Allied Mutual Insurance Company providing personal liability coverage up to $300,000; and a personal umbrella policy issued by Wausau providing excess liability coverage up to $5 million.

Allied Mutual's farm master policy said:

If a claim is made or a suit is brought against any "insured" for damages because of "personal injury," "bodily injury" or "property damage" caused by an "occurrence," to which this coverage applies, we will:

1. [P]ay up to "our" limit of insurance for the damages for which the "insured" is legally liable; and

2. [P]rovide a defense at "our" expense by counsel of "our" choice. "We" may make any investigation and settle any claim or suit that "we" decide is appropriate. "Our" obligation to defend any claim or suit ends when the amount "we" pay for damages resulting from the "occurrence" equals "our" limit of insurance.

. . . .

If this policy and any other policy issued to "you" by "us" or any company affiliated with "us" apply to the same "occurrence," the aggregate maximum limit of liability under all the policies shall not exceed the highest applicable limit of liability under any one policy. This condition does not apply to any policy issued by "us" or an affiliated company specifically to apply as excess insurance over this policy.

The policy also had a clause which said, "This insurance is excess over any other valid and collectible insurance except insurance written specifically to cover as excess over the limits of liability that apply in this policy."

Wausau's umbrella policy said:

Subject to the terms and conditions of this policy, we agree to pay, on your behalf, the sums which you or any **insured** shall become legally obligated to pay as damages because of **personal injury** or **property damage** arising out of an **occurrence.**

1. Most **personal injury** or **property damage** liability is of the type covered by your **underlying insurance.** For such **personal injury** and **property damage** liability, our payments shall be in *excess* of the following:

(a) the total of the applicable limits of liability of the **underlying insurance** as described in the Declarations, and

(b) any other collectible insurance which you or any **insured** may have.

2. An **insured** may, however, become liable for **personal injury** or **property damage** which is not covered by your **underlying insurance** but which may be covered by this policy. In these instances our payments shall be *excess* over the amount stated in the Declarations as the Insured's Retained Limit.

**ADDITIONAL COVERAGES**

In the case of **personal injury** or **property damage** covered by this policy, we cover the following *in addition to* the limit of liability:

1. If anyone sues you or makes a claim against you for **personal injury** or **property damage,** we'll defend the suit, even if it's groundless, unless there is **underlying insurance** or any other applicable insurance. If there is **underlying insurance** or other applicable insurance, we won't take charge of the defense of any claim or suit against you unless such insurance is exhausted by the payment of judgments or settlements. However, we may take part in the defense of any such claim at our own expense, if we should decide to do so. We

1. The coverage provided by this policy is not in dispute.

will not defend any suit after this policy's limit of liability has been exhausted in payment of judgments and settlements.[2] The policy defined "underlying insurance" as "the types of insurance which you already have for the coverages and corresponding limits of liability shown on the Declarations as your Underlying Insurance." The policy also said, "This insurance is excess over any other insurance which you may have except insurance written specifically as excess over the limits of liability that apply in this policy."

The parties do not dispute that Wausau's umbrella policy was an excess insurance policy—that is, it paid only after the limit of the insured's primary insurance was exhausted. *Planet Insurance Company v. Ertz,* 920 S.W.2d 591, 593 (Mo.App.1996). The purpose of excess insurance is to protect an insured against catastrophic losses. Wausau's policy said that Wausau's liability for

Smith's personal injury was for that amount in excess of "the total of the applicable limits of liability of the underlying insurance as described in the Declarations" and any other collectible insurance which the insured may have. The parties are correct; Wausau's policy was an excess policy.

■ The parties' dispute concerns whether Allied Mutual's farm master policy also was an excess insurance policy. Allied Mutual contends that its policy was excess insurance, so Wausau must assist it in paying for Smith's settlement. We disagree.

Nothing in Allied Mutual's policy, other than an "other insurance clause," [3] suggests that it was an excess insurance policy, and a policy's containing an "other insurance clause" does not make it an excess policy. *See id.*[4] According to Allied Mutual's policy, its liability coverage was for:

| Cov[erage] | Description | Limit | Premium |
|---|---|---|---|
| L. | Farm liability & exchange labor per occurrence | $300,000 | |
| | Basic farm including 160 acres | | $124.00 |
| | addl acres | | |
| | addl acres | | |
| | addl dwellings with personal liability | | |
| | addl dwellings rented to others on farm | | |
| | addl sets of buildings | | |
| M. | Medical payments to others—each person/accident | 500/25000 | INCL. |
| N. | Animal collision per animal | 500 | INCL. |
| R. | Farmers medical payments | | |
| | Insured farm employees rated on a per capita basis: | *Number* | |
| | Type and number employed at any one time during | | |
| | Full time working in excess of six months | | |
| | Part time working two to six months | | |
| | Part time working two to six months | | |
| | Residence (non-far) in excess of two months | 1 | $ 19.00 |
| | Increased employee medical | | |

2. The emphasis was in the original.

3. The clause said, "This insurance is excess over any other valid and collectible insurance except insurance written specifically to cover as excess over the limits of liability that apply in this policy."

4. Our point is made for us by reference to Smith's homeowner's policy—a primary insur-

ance policy—issued by Allied Mutual's affiliated company, Allied Property and Casualty. The homeowner's policy also had an "other insurance" clause which said, "This insurance is excess over other valid and collectible insurance except insurance written specifically to cover as excess over the limits of liability that apply in this policy."

Total Annual Farm Liability Coverage
Premium $143.00

The policy said that the "aggregate maximum limit of liability" under all the policies issued by Allied Mutual or an affiliated company would "not exceed the highest applicable limit of liability under any one policy." Without this clause, Allied Mutual and its affiliated company, Allied Property and Casualty, would have been obligated by the homeowner's and farm master policies to provide $350,000 in personal liability coverage. Because of this clause, Allied Mutual's and its affiliated company's personal liability coverage was limited to $300,000 even though Smith had personal liability coverage of $350,000 from the homeowner's and farm master policies.[5]

Other than the "other insurance clause," the farm master policy did not say that its personal liability coverage was to be in excess of any other insurance. To the contrary, it said that if Smith made a claim or was sued for damages because of personal injury, Allied Mutual would pay up to the limit of insurance for the damages for which Smith was liable and would defend him at its expense. Because no clause expressed a limitation, the policy was for primary coverage. *See Swift and Company v. Zurich Insurance Company*, 511 S.W.2d 826 (Mo.1974).

■ Because the farm master policy provided primary insurance, the circuit court erred in applying the doctrine of mutual repugnancy to Wausau's umbrella policy. This doctrine's purpose is to ensure than an insured is not without insurance when insurance policies covering the same risk have "other insurance clauses." If the courts enforced "other insurance clauses" in two competing policies covering the same risk, an

insured would be left without coverage. To remedy this, the courts have adopted a rule that, when competing policies carry similar "other insurance clauses," the courts should disregard the clauses as being mutually repugnant and order insurers to share the loss.[6] *Crown Center Redevelopment Corporation v. Occidental Fire and Casualty Company of North Carolina*, 716 S.W.2d 348, 355 (Mo.App.1986). In *Arditi v. Massachusetts Bonding and Insurance Company*, 315 S.W.2d 736 (1958), the Supreme Court, when faced with "other insurance clauses" in two concurrent primary insurance policies, held that the clauses should be disregarded as mutually repugnant. The rule also applies in the case of concurrent excess insurance policies. *Crown Center*, 716 S.W.2d at 364; *Planet Insurance Company*, 920 S.W.2d at 596–97.

■ The doctrine, however, did not apply to Allied Mutual's and Wausau's policies because Allied Mutual's policy was a primary policy, not an excess policy. A primary insurer cannot use an "other insurance clause" to require an umbrella carrier to share in its liability. *LeMars Mutual Insurance Company v. Farm and City Insurance Company*, 494 N.W.2d 216, 219 (Iowa 1992).

Allied Mutual contends that Missouri law rejects a "layer by layer" approach to determining an insurer's liability. *See Crown Center*, 716 S.W.2d at 360–64. The *Crown Center* court, however, was considering a case in which several excess carriers had "other insurance clauses."[7] It does not provide instruction for Allied Mutual's and Wau-

---

5. Because Allied Property and Casualty paid $50,000 under the homeowner's policy, this clause limits Allied Mutual's liability for this claim to $250,000.

6. The rule is not absolute. *See* State Farm Mut. Auto. Ins. Co. v. Western Cas. and Surety Co., 477 S.W.2d 421 (Mo. banc 1972), for an instance in which the Supreme Court has refused to apply the rule.

7. The Crown Center court also considered primary policies and the effect of "other insurance clauses." The court, however, dealt with the primary policies' "other insurance clauses" separately from the excess policies' "other insurance clauses." The court did not put the primary policies and the excess policies on equal footing.

sau's dispute which involves a primary policy and an excess policy.

The circuit court should have granted summary judgment for Wausau. We, therefore, reverse the circuit court's judgment.

ULRICH and HANNA, JJ., concur.