Matthew DISTLER, Plaintiff,

v.

REUTHER JEEP EAGLE and Michael Robert Hudson, Defendants/Third Party Plaintiffs/Respondents,

v.

State Farm Automobile Insurance Company, Third Party Defendant/Appellant.

No. ED 75818.

Missouri Court of Appeals, Eastern District, Division Two.

Feb. 8, 2000.

Motion for Rehearing and/or Transfer to Supreme Court Denied March 14, 2000.

Application for Transfer Denied April 25, 2000.

Joseph A. Brannon, Bowling Green for plaintiff.

E. Thomas Liese, Mary M. Stewart, Holtkamp, Liese, Beckemeier & Childress, P.C., St. Louis, for defendants/third party plaintiffs.

Scott C. Harper, Karen M. Speiser, Brinker & Doyen, L.L.P., Clayton, for third party defendant/appellant.

KATHIANNE KNAUP CRANE, Presiding Judge.

This case presents the issue of whether the Missouri Motor Vehicle Financial Responsibility Law (MVFRL) partially invalidates the "car business" exclusion in an owner's motor vehicle liability policy and, if it does, if the owners' insurer is responsible for the entire amount of the $16,950.00 judgment. We hold that the MVFRL does partially invalidate the "car business" exclusion. We further hold that, where the driver's policy has an "other insurance" excess clause with respect to non-owned vehicles and the owners' policy has only an "other insurance" pro rata clause, the owners' policy provides primary coverage and proration between the policies is not required. We finally hold that the trial court did not abuse its discretion in its award of attorney's fees incurred by the driver to defend the underlying action. For these reasons we affirm the judgment of the trial court.

Pamela and Jeffrey Edwards (owners) left their vehicle at defendant Reuther Jeep Eagle (Reuther) to be repaired.

While test-driving it, Reuther mechanic, defendant Michael Robert Hudson (Hudson), collided with an automobile driven by plaintiff, Matthew Distler. Plaintiff sued Reuther and Hudson for damages for bodily injury and obtained a judgment of $16,-950.00. Reuther and Hudson were named insureds under a garage owner's policy issued by Federated Insurance. Reuther and Hudson filed a third party petition against third party defendant, State Farm Automobile Insurance Company (State Farm), owners' insurer, seeking a declaratory judgment that State Farm was required to provide coverage for the accident and that Reuther and Hudson are entitled to the attorney's fees they incurred in defense of the underlying action and in prosecution of the declaratory judgment action.

The parties filed cross motions for summary judgment in the third party action to resolve the applicability of State Farm's "car business" exclusion. State Farm contended that its "car business" exclusion precluded coverage. Reuther and Hudson claimed that the "car business" exclusion violated the MVFRL, Sections 303.010–303.370 RSMo (1994 and Cum.Supp.1999). The trial court granted Reuther's and Hudson's motion on the grounds that State Farm's "car business" exclusion violated Missouri's MVFRL and could not be enforced as a bar to coverage.

The trial court then held a hearing on the remaining issues in the third party action to determine the allocation of liability between the State Farm and the Federated policies and to dispose of Reuther's and Hudson's claim for attorney's fees. The court found that State Farm's policy provided primary coverage and that State Farm was responsible for the entire judgment of $16,950.00. The court also awarded Reuther and Hudson the attorney's fees they incurred in the underlying action.

## DISCUSSION

In its appeal from the judgment in the third party action, State Farm asserts that the trial court erred in finding that the MVFRL partially invalidated its "car business" exclusion, in determining that State Farm was responsible for the entire judgment, and in awarding Reuther and Hudson attorney's fees incurred in the underlying action.

### I. *Application of MVFRL*

■ For its first point State Farm contends that the trial court erred in granting Reuther's and Hudson's motion for summary judgment. It argues that the accident falls within the "car business" exclusion in State Farm's policy and the "car business" exclusion does not violate the MVFRL.

The "car business" exclusion is set out in the State Farm policy as follows:

**When Coverage A Does Not Apply**

* * *

THERE IS NO COVERAGE:

1. WHILE ANY VEHICLE INSURED UNDER THIS SECTION IS:

* * *

b. BEING REPAIRED, SERVICED OR USED BY ANY *PERSON* EMPLOYED OR ENGAGED IN ANY WAY IN A *CAR BUSINESS.*

The parties do not dispute that the accident occurred while owners' vehicle was being repaired, serviced, and used by a person in a car business. With respect to accidents occurring prior to the enactment of the MVFRL, a "car business" exclusion was valid and enforceable. *Weston v. Great Central Ins. Co.*, 514 S.W.2d 17, 22 (Mo.App.1974). *See also United Fire and Casualty Company v. New Hampshire Insurance Company*, 684 F.Supp. 1030, 1032 (W.D.Mo.1988). The purpose of this type of exclusion is to limit the insurance coverage otherwise provided under the policy's omnibus clause which provides coverage for permissive use of the vehicle. This

exclusion is consistent with the rule of law that responsibility for the operation of a car in the course of its repair falls upon the bailee. *Weston,* 514 S.W.2d at 22; *United Fire,* 684 F.Supp. at 1033. The exclusion shifts the risk from the insurer of a personal automobile, whose owner has no control over the vehicle while entrusted to a car business, to the insurer of the car business which is exercising control. 7 AM.JUR.2D *Automobile Insurance,* Section 217 (1997).

The issue in this case is whether the "car business" exclusion is invalid up to the $25,000.00 minimum limit required by the MVFRL. The MVFRL requires that every owner's motor vehicle liability policy issued in Missouri provide a minimum of $25,000.00 in liability coverage for bodily injury to any one person in any one accident to protect the named insured as well as any other person using the vehicle with the named insured's express or implied permission. Section 303.190 RSMo (1994). Public policy requires that a contract of liability insurance provide the coverage indicated in Section 303.190 so that the insured will be in compliance with Section 303.025(2) RSMo (1994), which requires a motor vehicle owner to maintain financial responsibility, which requirement can be satisfied by a motor vehicle liability policy that conforms with Missouri law. *Halpin v. American Family Mut. Ins. Co.,* 823 S.W.2d 479, 481 (Mo. banc 1992).

■ The plain purpose of the statute is to make sure that people who are injured in motor vehicle accidents may collect damage awards, within specified limits, against negligent motor vehicle operators. *Id.* at 482. This protection extends to an insured vehicle's occupants, operators and occupants of other vehicles, and pedestrians. *Id.* The legislature intended to require motor vehicle liability policies to provide coverage that is coextensive with liability, subject to statutory limits. *Id.*

■ The MVFRL expresses the public policy of Missouri to protect persons who are injured in motor vehicle accidents. As a result, exclusions in automobile liability policies which deny coverage to insureds are contrary to public policy and are unenforceable to the extent that they purport to deny coverage in the amounts required by Missouri law. *Id.* at 483. Accordingly, Missouri courts have held that public policy invalidates a "household" exclusion, *Id.* at 481–82 and *Kellar v. American Family Mutual Ins.,* 987 S.W.2d 452, 457 (Mo.App. 1999); a "passenger" exclusion, *American Standard Ins. Co. v. Dolphin,* 801 S.W.2d 413, 416 (Mo.App.1990); and a "named driver" exclusion, *Ingram v. Shelter Mut. Ins. Co.,* 922 S.W.2d 854, 855 (Mo.App. 1996). Such exclusions deny a class of claimants the protection the legislature intended.

■ However, if the MVFRL does not require liability insurance coverage for a particular situation, a policy provision excluding that coverage is not invalid. *See State Farm Fire & Casualty Co. v. Ricks,* 902 S.W.2d 323, 325 (Mo.App.1995) (exclusion of coverage where operator did not have express or implied permission of insured, Section 303.190.2(2)). *See also Shelter Mut. Ins. Co. v. Gebhards,* 947 S.W.2d 132, 134 (Mo.App.1997) and *Northland Ins. Co. v. Bess,* 869 S.W.2d 157 (Mo.App.1993) (fellow employee exclusion, Section 303.190.5).

The parties have not cited to us a Missouri case which addresses whether the "car business" exclusion is an exclusion which is partially invalidated by the MVFRL. Courts in jurisdictions which have addressed this issue have held that a "car business" exclusion is unenforceable when the state has enacted a statute requiring all automobile insurance policies to provide minimum liability coverage because it would contravene the statutorily required coverage for all permissive drivers. *See Arnaud v. Commercial Union Ins. Co.,* 594 So.2d 992 (La.Ct.App.1992); *American Home Assurance Co. v. Hartford Ins. Co.,* 190 N.J.Super. 477, 464 A.2d 1128, 1133 (App.Div.1983); *Harleysville Ins. Co. v. Crum & Forster Personal Ins.,*

246 N.J.Super. 503, 588 A.2d 385, 387 (1990); *Farmland Mut. Ins. Co. v. Jim Moore Cadillac–Oldsmobile, Inc.*, 283 S.C. 33, 320 S.E.2d 719, 719–20 (1984); *Pennsylvania Nat'l Mut. Casualty Ins. Co. v. Parker*, 282 S.C. 546, 320 S.E.2d 458, 461–64 (1984); *Dewitt v. Young*, 229 Kan. 474, 625 P.2d 478 (1981); *Exchange Casualty & Surety Co. v. Scott*, 56 Cal.2d 613, 15 Cal. Rptr. 897, 364 P.2d 833 (1961); *Universal Underwriters Ins. Co. v. American Motorists Ins. Co.*, 541 F.Supp. 755 (N.D.Miss. 1982); *Nationwide Mut. Ins. Co. v. Aetna Life & Casualty Co.*, 283 N.C. 87, 194 S.E.2d 834 (1973); *Firestone Tire & Rubber Co. v. State Farm Mut. Auto. Ins. Co.*, 119 Ohio App. 116, 197 N.E.2d 379, 382 (1963) (applying California law).

Missouri public policy, as set out in the MVFRL and interpreted in *Halpin*, seeks to protect injured parties by mandating that insured motor vehicle owners have minimum coverage except in certain statutorily defined situations. This minimum coverage extends to permissive users. The "car business" exclusion in the State Farm policy restricts the class of permissive users who are covered and, for this reason, is partially invalidated by the MVFRL. The trial court did not err in granting summary judgment in Reuther's and Hudson's favor on this issue. Point one is denied.

## II. *State Farm's Liability for the Entire Judgment*

For its second point, State Farm claims that the trial court erred in entering the full amount of the judgment against it. It asserts that, if its "car business" exclusion is held invalid, it should not be liable for the entire judgment, but only a prorated portion of it because the "other insurance" clauses in State Farm's and Federated's policies should be disregarded, which would leave both State Farm and Federated as primary insurers. State Farm argues that the excess clause is ineffective because it is not a "true excess" policy or "umbrella" policy and is ambiguous because it conflicts with Condition 5.d. It further argues that, once the excess clause is disregarded, the pro rata clauses are mutually repugnant, so the case should be treated as if neither of the policies had "other insurance" clauses and the judgment should be prorated in proportion to the amount of insurance provided by the respective policies. We disagree with all of these contentions and the premises on which they are based.

"Other insurance" clauses function to vary, reduce, or eliminate the insurer's loss in the event of concurrent coverage of the same risk. *Planet Ins. Co. v. Ertz*, 920 S.W.2d 591, 593 (Mo.App.1996); *Concurrent Coverage in Automobile Liability Insurance*, 65 COLUM. L.REV. 319, 320 (1965). These clauses fall into three categories: (1) *pro rata clauses* which provide that the insurer will pay its pro rata share of the loss, usually in the proportion which the limits of its policy bears to the aggregate limits of all valid and collectible insurance; (2) *excess clauses* which provide that the insurer's liability shall be only the amount by which the loss exceeds the coverage of all other valid and collectible insurance, up to the limits of the excess policy; and (3) *escape clauses* which provide that the policy affords no coverage at all when there is other valid and collectible insurance. *State Farm Mut. Auto. Ins. Co. v. Universal Underwriters Ins. Co.*, 594 S.W.2d 950, 953 (Mo.App.1980), citing *Concurrent Coverage*, 65 COLUM. L.REV. at 320–21; *see also Planet Ins.*, 920 S.W.2d at 593; 8 BLASHFIELD AUTOMOBILE LAW & PRACTICE Section 345.10, pp. 481–82 Third Edition (1966). These limitations on coverage are valid in the absence of a statute or public policy to the contrary. *MFA Mut. Ins. v. American Family Mut. Ins.*, 654 S.W.2d 230, 233 (Mo.App.1983); 8 BLASHFIELD, Section 345.10 at p. 480.

The State Farm policy's relevant "other insurance" clause is a pro rata clause and

is found under Section I, Liability – Coverage A. It provides:

**If There Is Other Liability Coverage**

1. Policies Issued By Us to You.

\* \* \*

2. Other Liability Coverage Available From Other Sources.

Subject to item 1, if other vehicle liability coverage applies, we are liable only for our share of the damages. Our share is the per cent that the limit of liability of this policy bears to the total of all vehicle liability coverage applicable to the accident.

State Farm's policy does not have an excess clause or an escape clause.

■ The Federated policy's relevant "other insurance" clauses are a pro rata clause and an excess clause. They are found under Section V, Garage Conditions, and provide:

**B. GENERAL CONDITIONS**

\* \* \*

**5. OTHER INSURANCE**

a. For any covered "auto" you own, this Coverage Form provides primary insurance. For any covered "auto" you don't own, the insurance provided by this Coverage Form is excess over any other collectible insurance.

\* \* \*

d. When the Coverage Form and any other Coverage Form or policy covers on the same basis, either excess or primary, we will pay only our share. Our share is the proportion that the Limit of Insurance of our Coverage Form bears to the total of the limits of all the Coverage Forms and policies covering on the same basis.

### A. Validity of Excess Clause

The Federated excess clause provides that the insurance is excess over any other collectible insurance for a "covered 'auto' you don't own." This is a common and valid "other insurance" clause. There is no requirement that excess coverage be only that provided in a "true excess" policy or an "umbrella" policy. In making this argument State Farm misinterprets cases distinguishing an "other insurance" excess clause from a "true excess" policy or an "umbrella" policy. By stating that the excess clause does not convert a primary policy to an excess policy, the court in *Smith v. Wausau Underwriters Ins. Co.*, 977 S.W.2d 291, 293–94 (Mo.App.1998), did not imply that the excess clause was not effective within the context of the primary policy. Rather, the excess clause and the excess policy are given different treatment in situations with which this opinion is not concerned. *See id.; See also* 8A APPLEMAN, INSURANCE LAW & PRACTICE Section 4906, p. 348 (1981).

### B. Ambiguity of Federated's Excess Clause

There is no merit to State Farm's argument that there is a conflict between Federated's excess clause and pro rata clause which renders the excess clause ambiguous. The pro rata clause applies only when the Federated policy "covers on the same basis" as the other policy. As will be explained in Section C below, the competing policies do not apply on the same basis, so the pro rata clause is inapplicable and does not conflict with the excess clause.

### C. Mutual Repugnancy of "Other Insurance" Clauses

■ Because the excess clause is valid, State Farm's argument, that the "other insurance" clauses in the two policies are identical and therefore are mutually repugnant and must be disregarded, has no merit. The "other insurance" clauses are not identical because Federated's policy contains an excess clause for non-owned

vehicles and State Farm's has no applicable excess clause. Federated's excess clause makes its insurance excess with respect to the non-owned vehicle. *State Farm Mut. Auto. Ins. Co. v. Mid–Continent Casualty Co.*, 378 S.W.2d 232, 237 (Mo.App.1964); *Empire Ins. Co. v. Farm Bureau*, 633 S.W.2d 215, 217 (Mo.App. 1982). *See also Fidelity & Casualty Co. of N.Y. v. Western Casualty & Surety Co.*, 337 S.W.2d 566, 576–78 (Mo.App.1960) (rule applied where owner's excess clause was inapplicable because it applied only to a non-owned vehicle).

Further, the presence of the pro rata clause in State Farm's policy does not affect the effectiveness of the excess clause. The general rule is that, if the owner's policy provides for pro rata liability in the case of other insurance and the driver's policy provides only excess insurance on a non-owned vehicle, the policy covering the owner is primary and must bear the entire loss up to the policy limit and the driver's policy is excess insurance which bears only that part of the loss that remains after the primary insurance is exhausted. This is the approach of the majority of jurisdictions. *Concurrent Insurance Coverage*, 65 Col. L. Rev. at 326–27; W.R. Habeeb, Annotation, *Apportionment of Liability Between Automobile Liability Insurers Where One of the Policies Has an "Excess Insurance" Clause and the Other a "Proportionate" or "Pro Rata" Clause*, 76 A.L.R.2d 502 (1961). Missouri cases have reached this result without discussion. *See Fidelity Casualty Co.*, 337 S.W.2d at 576–78; *M.F.A. Mut. Ins.*, 654 S.W.2d at 234–35; *Powell v. Home Indemnity Co.*, 343 F.2d 856, 858–59 (8th Cir. 1965).

■ Specifically, if the automobile owner's liability policy has a pro rata "other insurance" provision and a garage liability policy has an excess "other insurance" provision for non-owned automobiles, the owner's liability policy is held to provide primary coverage to the extent of its limits and the garage policy only provides excess coverage. *Ohio Farmers Indem. Co. v. Interinsurance Exch.*, 72 Cal.Rptr. 269, 266 Cal.App.2d 772, 777 (1968); *Allstate Ins. Co. v. Universal Underwriters Ins. Co.*, 439 S.W.2d 385, 387 (Tx.Ct.App.1969); *Western Pac. Ins. Co. v. Farmers Ins. Exch.*, 69 Wash.2d 11, 416 P.2d 468, 471–72 (1966).

· This result is consistent with the purposes of these policies. One of the primary purposes of a private automobile liability policy is to insure the risks of a named individual and permitted users operating a named automobile. *See State Farm Mutual*, 594 S.W.2d at 957. On the other hand, the purpose of a garage liability policy is to insure the risk of operating a garage business and only secondarily to insure the risks attributable to employees who drive vehicles. *See id.*

■ This result is further consistent with the general rule, followed in Missouri, that the policy insuring the liability of the owner has the first and primary coverage unless the policy has altered that situation or unless the other insurance clauses are repugnant. *Powell*, 343 F.2d at 858–59 (applying Missouri law); *United States Fidelity & G. Co. v. Safeco Ins. Co. of Am.*, 522 S.W.2d 809, 821 (Mo. banc 1975); 8 Blashfield, Section 345.13 at p. 493–94. *See also Empire Ins. Co.*, 633 S.W.2d at 217 (emphasizing that this is not a per se rule).

The underlying rationale for this rule is explained in *American Surety Co. of New York v. Canal Ins. Co.*, 258 F.2d 934, 936 (4th Cir.1958):

> The common, and highly desirable, practice of including extended coverage clauses in automobile liability insurance contracts, [sic] sometimes leads to duplications of coverages. To resolve the questions inherent in such duplications of coverages, most policies incorporate excess insurance or 'other' insurance clauses which usually follow the general rule that the policy insuring the liabili-

ty of the owner of a described vehicle has the first and primary obligation. .... Such excess insurance clauses serve a useful purpose in avoiding conflict. They are neither invalid nor unconscionable, and they may be given effect without invalidating a pro rata contribution clause in the policy providing the other protection.... [The pro rata] clause operates in countless situations in which the other insurance is not excess, and it is not rendered meaningless if appropriate effect is given to the excess insurance clauses.

*See also American Auto. Ins. Co. v. Republic Indemnity Co. of America*, 52 Cal.2d 507, 341 P.2d 675, 678–79 (1959). Thus, the excess clause does not conflict with the pro rata clause and the excess clause limits Federated's liability to damages exceeding the limit of the other collectible insurance.

Because the excess clause is effective, the premise on which State Farm bases its remaining arguments is invalid and there is no basis for pro rata coverage. Point two is denied.

III. *State Farm's Liability for Attorney's Fees*

■ For its third point, State Farm contends that the trial court erred in requiring State Farm to pay Reuther's and Hudson's attorney's fees in the underlying action in the amount of $8,000. State Farm argues that 1) Reuther and Hudson did not present sufficient evidence of the amount of attorney's fees in that Reuther and Hudson only presented a total bill and hourly rates; 2) the American Rule requires each party to pay its own fees; and 3) it had no clear duty to defend because it believed the underlying claim was clearly outside the coverage of the policy due to the "car business" exclusion. We disagree with each of these contentions.[1]

The setting of attorney's fees is within the sound discretion of the trial court. *Bitting v. Central Pointe Condominium*, 970 S.W.2d 898, 901 (Mo.App.1998). We will not reverse an award of attorney's fees unless the trial court has arbitrarily arrived at the award or the award is so unreasonable that it indicates indifference and lack of proper judicial consideration. *Id.* Because trial courts are considered to be experts on the question of attorney's fees, they do not require any evidence or other opinion as to the value of the services.

■ An insurer is responsible for attorney's fees incurred by the insured who is in fact covered in defending an action the insurer has refused to defend. *Fuller v. Lloyd*, 714 S.W.2d 698, 702 (Mo.App. 1986). This applies even if the insurer acts in good faith and has a reasonable ground to believe there was no coverage under the policy. *Wood v. Safeco Ins. Co. of America*, 980 S.W.2d 43, 55 (Mo.App. 1998). As primary insurer, State Farm is liable for the costs of the defense. *Western Pac. Ins. Co.*, 416 P.2d at 472. Point three is denied.

The judgment of the trial court is affirmed.

ROBERT G. DOWD, Jr., J. and SHERRI B. SULLIVAN, J., concur.

---

1. In Point III of its reply brief, State Farm raises new reasons why the award of attorneys fees was erroneous. Our review of arguments is limited to errors contained in the points relied on. Rule 84.04(e). *Chancellor Development Co. v. Brand*, 896 S.W.2d 672, 678 (Mo.App.1995).