STATE of Missouri, ex rel. Herbert M. ROPE, Personal Representative, et al., Relators,

v.

Honorable John A. BORRON, Jr., Judge, Probate Division Circuit Court of Jackson County, Missouri, Respondent.

Nos. WD 40800, WD 40920.

Missouri Court of Appeals, Western District.

Oct. 11, 1988.

Motion for Rehearing and/or Transfer to Supreme Court Denied Dec. 27, 1988.

Herbert M. Rope, Kansas City, pro se.

William C. Partin, Kansas City, for respondent.

Before TURNAGE, P.J., and SHANGLER and CLARK, JJ.

TURNAGE, Presiding Judge.

Herbert M. Rope, Personal Representative of the Estate of Andrew Reed and the children of Andrew filed a petition for a writ of prohibition against the Honorable John A. Borron, Jr., Judge of the Probate Division of the Circuit Court of Jackson County. The petition seeks to prohibit the judge from holding a jury trial on a petition to discover assets prior to determining an equitable defense filed by Ida Reed, the widow of Andrew. A preliminary order in prohibition was issued which prohibited the judge from holding a jury trial. Thereafter, Ida filed an amended petition for discovery of assets in which she sought punitive as well as actual damages. A second petition in prohibition was filed seeking to prohibit the judge from proceeding on the amended petition because there is no right to recover punitive damages in a discovery of assets proceeding. The petition further sought to prohibit the judge from requiring the children of Andrew to produce their tax returns.

An amended preliminary order was entered after the two petitions had been con-

solidated in this court in which the judge was prohibited from taking any further action with reference to the estate of Andrew. The preliminary order is now made absolute in part.

Andrew Reed and Ida Hankin decided to marry. Both had been married previously and both had children by such marriages. Two days before the marriage in May of 1960, Ida and Andrew entered into an agreement in order to settle all matters of property rights between them in the event of their inability to live together or in the event of the death of either. In the agreement Andrew agreed to provide Ida with a suitable home and further agreed to make a will which would give Ida the right to live in such home for the rest of her life in the event Andrew died while they were still married. The agreement further provided that each waived all rights in the property of the other including all marital and statutory rights of a surviving spouse.

The parties were married but differences arose and Andrew filed an action seeking a dissolution of the marriage. Andrew died in February of 1986 without the marriage having been dissolved.

Herbert Rope was appointed the personal representative of the estate of Andrew. Ida filed a petition to discover assets, a conditional claim against the estate,[1] and applications for homestead allowance, exempt property and family allowances. Ida also filed an election to take against his will.

In response to the petition to discover assets Rope filed an answer which pleaded the agreement as a defense. Ida filed a reply to the answer alleging the agreement was invalid and unenforceable on several grounds, including the failure of Andrew to make full disclosure of the nature and extent of his property at the time of the agreement. The court designated the discovery of assets proceeding as adversary and pursuant to § 472.141.1(2), RSMo 1986 ordered that Civil Rule 55 would apply in its entirety.

The court thereafter entered a pretrial order which considered the question of whether or not the discovery of assets proceeding together with the equitable defense raised in the reply should be tried to a jury. The court took the view that Ida was entitled to a jury trial on the discovery of assets proceeding and that to try the question of the validity of the agreement to the court as an equitable matter would deny Ida her right to a jury trial. The court ordered the discovery of assets and conditional claim consolidated and ordered a jury trial on both. The court also ordered the question of the validity of the agreement raised in the reply to be tried to the jury in the same trial. Thereafter, the personal representative sought prohibition in this court as outlined above.

■ The first question presented is whether or not the issue of the validity of the agreement should be tried to a jury. In *Johns v. McNabb*, 247 S.W.2d 640, 641[1] (Mo.1952), the court held that an action to cancel an agreement a wife made with her husband to relinquish all of her interest in their real estate and to cancel a deed executed pursuant to such agreement was essentially one in equity. In *McQuate v. White*, 389 S.W.2d 206, 210 (Mo.1965), the court stated that a suit by a widow to have a postnuptial agreement declared void was "[b]y its very nature, in equity."

■ Ida denies that she has attacked the validity of the agreement by the filing of the petition to discover assets. Ida obviously overlooks that she filed a reply to the answer filed in that action in which she alleged the invalidity of the agreement. Thus, the affirmative defense asserted by Ida as to the invalidity of the agreement brings this case within the holding in *Johns* and *McQuate*. Under those cases an action to set aside a postnuptial agreement is an action in equity. By the same token an attempt to set aside an antenuptial agreement is an action in equity.

Ida was required to file a reply under Rule 55.01 and 55.08. Those rules require an affirmative avoidance or defense to any

---

1. The conditional claim was filed in the alternative and sought damages for failure of Andrew to perform the agreement in the event the agreement was held to be valid.

matter alleged in a preceding pleading to be pleaded. Thus, when the personal representative filed an answer setting up the agreement, Ida was required to file a pleading setting up any affirmative defense she had to the agreement. Ida filed such a pleading and alleged the invalidity of the agreement. In *Burnett v. Johnson,* 349 S.W.2d 19, 22[1] (Mo.1961), the court quoted from an earlier case as follows:

> When the answer is filed showing an equitable defense and asking equitable relief, the court merely postpones the trial of the issues tendered by the petition until those tendered by the answer are tried; and, if the equitable defense is sustained, and if it covers the whole case, a final judgment is rendered for the defendant, but if the equitable defense is not sustained, the plaintiff's cause of action stands for trial as at law.

The court further stated that upon the defendant raising equitable defenses the trial court transferred the case to the equity docket and the plaintiffs were not then entitled to a jury to hear the claim asserted in their petition. The court noted that the trial court properly heard and disposed of the equitable defense. *Id.* 23–24.

■ Under *Burnett* it is clear that when an equitable defense is presented to a claim triable by a jury that a separate trial shall be conducted by the court to determine the equitable defense. A jury trial on the underlying cause is not available at that point and does not become available unless the equitable defense fails.

In this case, the reply filed by Ida raised the equitable defense that the agreement was invalid and unenforceable. The court should have ordered a separate trial to the court as a case in equity to determine the validity of the agreement. All of the claims made by Ida depend upon the question of the validity of the agreement. All of the claims except the conditional claim would be decided if the agreement was held to be valid. In that event, only the conditional claim would require a jury trial. On the other hand, if the agreement was found to be void, then Ida would be entitled to a jury trial on her petition to discover assets and would be permitted to pursue her other remedies except for the conditional claim.

With the assertion of the equitable defense of invalidity of the agreement, it stands to reason that this pivotal question should be decided first. Being an equitable matter, it is not subject to a jury trial. The trial court was concerned that by denying Ida a jury trial on her defense of the invalidity of the agreement, the court would deny her a jury trial on her petition to discover assets. In *State ex rel. Willman v. Sloan,* 574 S.W.2d 421, 422[1, 2] (Mo. banc 1978), the court held there is no right to trial by jury in a case in equity even though the Missouri constitution provides that the right of trial by jury shall remain inviolate. Thus, requiring a court trial on the equitable defense of the validity of the agreement does not deny Ida her right to trial by jury because she has no right to a jury trial in an equitable case. Further, the separate trial of her affirmative defense does not constitute a trial of her action to discover assets. That trial would be limited to the sole issue of whether or not the agreement was valid. If the agreement is found to be invalid Ida will be entitled to a jury trial on her action to discover assets.

The trial court was also concerned that a judgment adjudicating the validity of the agreement would be res judicata on the other issues, except for the conditional claim. It is true that if the agreement is found to be valid Ida will have no cause of action remaining except the conditional claim, but as demonstrated in *Burnett* this is the proper procedure to follow.

Ida contends that this court held in *Farnsworth v. Farnsworth,* 728 S.W.2d 223 (Mo.App.1986), that it is proper to try an equitable issue to a jury. *Farnsworth* involved a suit to set aside an inter vivos trust on the ground that the settlor was mentally incompetent and acted under undue influence. This court stated the reason for its holding to be that no case had been cited to support the proposition that a party is not entitled to a jury trial in a suit to set aside a conveyance on grounds of mental competency or undue influence.

That case did not hold that a party is entitled to a jury trial on a suit in equity.

Under *Burnett* it is clear that the proper procedure in this case is to order a separate trial by the court on the equitable defense that the agreement is invalid. For that reason the court had no jurisdiction to submit the issue of the validity of the agreement raised in the reply to a jury.

Ida contends that the personal representative has an adequate remedy by way of appeal and prohibition should not be utilized. As stated in *State ex rel. Fisher v. McKenzie*, 754 S.W.2d 557, 562[11] (Mo. banc 1988):

> A writ of prohibition will issue to prevent a trial court from acting in excess of its jurisdiction if such would produce "useless and unwarranted litigation." *State ex rel. Simmerock v. Brackmann*, 714 S.W.2d 938, 939 (Mo.App.1986).

If this case proceeded as the trial court directed, a jury trial would be held on the discovery of assets and conditional claim and the jury would resolve the issues in those two actions in addition to the issue of the validity of the agreement. Because that would involve an impermissible jury trial on an equitable defense, the losing party would prevail on appeal, rendering the trial useless. Thus, prohibition is proper in this case to prohibit the trial court from proceeding with an unauthorized jury trial on an equitable defense.

■ The parties next disagree over which party has the burden of proof on the issue of the validity of the agreement raised in the equitable defense. While this is a matter to be determined by the trial court when it tries the equitable issue of the validity of the agreement, that question will be taken up in the interest of judicial economy because the trial court has indicated that the burden is on the estate to prove the agreement to be valid.

In *McQuate* the court stated at 389 S.W. 2d 212[6-10] that the burden is on the party seeking to invalidate the agreement. *McQuate* was relied upon *In Matter of the Estate of Soper*, 598 S.W.2d 528, 537[10, 11] (Mo.App.1980), when the court made the same statement.

Ida contends the rule concerning the burden of proof was established in *Hosmer v. Hosmer*, 611 S.W.2d 32, 36[6-7] (Mo.App. 1980) and *Estate of Murphy*, 661 S.W.2d 657, 661[4, 5] (Mo.App.1983). *Hosmer* involved an antenuptial agreement and *Murphy* involved a postnuptial agreement. Both cases involved actions in the probate court in which the agreement was pleaded as a defense. In *Hosmer* the court stated by way of dicta that the burden of proof was upon the estate to prove the agreement valid and *Murphy* held that *Hosmer* was correct in placing the burden on the estate. Judge Hogan wrote a concurring opinion in *Murphy* in which he distinguished *McQuate* and *Soper* on the ground that the agreements in *Hosmer* and *Murphy* were pleaded as a defense and since there were no formal pleading requirements in the probate court the pleaded defense was analogous to pleading waiver or estoppel. He stated that the burden of proof on waiver and estoppel is on the party asserting such defense. It does not appear from *Hosmer* and *Murphy* that formal pleadings were employed in those probate proceedings. In *Ellinwood v. Estate of Lyons*, 731 S.W.2d 23, 26[6] (Mo.App. 1987), the court held that an affirmative defense is not required to be pleaded in the probate division unless the court orders that Rule 55 is applicable to the proceeding. In this case the court ordered that Rule 55 was applicable. Both Rule 55.01 and 55.08 require that an affirmative avoidance or defense be pleaded in response to a preceding pleading. If Ida had not filed her reply asserting her affirmative defense of the invalidity of the agreement she would have waived that defense. *Detling v. Edelbrock*, 671 S.W.2d 265, 271[16-18] (Mo. banc 1984). In the absence of a pleading asserting the invalidity of the agreement Ida could not have properly introduced evidence concerning its validity. *Hays v. Missouri Pacific Railroad Co.*, 304 S.W.2d 800, 805[6, 7] (Mo.1957).

By reason of *Hosmer* and *Murphy* involving actions in the probate division which were not subject to the requirement of Rule 55, those cases are not applicable.

Having filed her affirmative defense alleging the invalidity of the agreement, this case is in the same posture as *McQuate.* Under *McQuate* the burden is on the party asserting the invalidity. Thus, the burden of proof is on Ida to prove that the agreement is invalid.[2]

The personal representative contends that Ida should not have been allowed to file an amended petition in the discovery of assets proceeding to seek punitive damages. The trial court has jurisdiction in this case to allow an amended petition to be filed. It does not lose jurisdiction by allowing an amended petition to be filed which prays for punitive damages. The correctness of that ruling can be tested on appeal. No view is expressed herein on the question of whether or not punitive damages may be recovered in a discovery of assets action.

The personal representative also seeks to prohibit the trial court from disclosing the tax returns of the children of Andrew to persons other than those directly connected with this litigation. The court entered an order that the tax returns would be examined in camera and remain under seal to be examined only by the attorney for Ida. The court has not taken or threatened to take any action contrary to the relief the personal representative seeks. For that reason this court will not prohibit the trial judge on this issue.

The preliminary order is made absolute insofar as it prohibits the court from conducting a jury trial on the discovery of assets proceeding until a separate trial is held by the court on the equitable defense of the invalidity of the agreement and the agreement is found to be invalid. The court is prohibited from submitting the equitable defense of the invalidity of the agreement to a jury. In all other respects the preliminary order is quashed.

---

**2.** Even if *Hosmer* and *Murphy* were not distinguishable, this court would be obligated to follow *McQuate* as the last controlling opinion of the Supreme Court. Missouri Constitution, Art. 5, § 2, *Estate of Seabaugh,* 654 S.W.2d 948, 957[4] (Mo.App.1983).