David L. SMITH, Plaintiff/Respondent,

v.

PROGRESSIVE CASUALTY INSURANCE COMPANY, Defendant/Appellant.

No. ED 78910.

Missouri Court of Appeals, Eastern District, Division Three.

Oct. 2, 2001.

Rehearing Denied Dec. 6, 2001.

---

Kathy M. Wilke, St. Louis, MO, for appellant.

Richard J. Keyes, Sunset Hills, MO, for respondent.

CLIFFORD H. AHRENS, Judge.

Progressive Casualty Insurance Company appeals from the judgment in an equitable garnishment filed by plaintiff David Smith for recovery of insurance money in satisfaction of a consent judgment Smith entered into with Nathaniel Applewhite, the insured. Progressive claims the trial court erred in ordering it to pay the consent judgment because it asserts Applewhite materially breached the terms of the insurance policy thereby relieving Progressive of liability. We reverse and remand.

This equitable garnishment action was submitted to the court upon stipulated facts. On February 16, 1999, Smith brought an action against Applewhite for personal injuries he allegedly sustained after Applewhite's car struck Smith's car. Applewhite's coverage was through Progressive. Smith's attorney sent a copy of the petition to the adjuster for Progressive informing him of the lawsuit and the March 17, 1999, call date. At docket call, Smith's attorney spoke with Applewhite. Applewhite stated he had not spoken to anyone at Progressive about this suit. Smith's attorney then discussed a settlement with Applewhite, who ultimately then entered into a consent judgment with Smith for the amount of $10,000. In this consent judgment, Smith agreed to recover only on insurance coverage available to Applewhite through his insurance company Progressive.

After learning of the consent judgment, Progressive hired an attorney to represent Applewhite. Progressive then filed a motion to set aside the consent judgment on behalf of Applewhite. In its motion, Progressive pleaded that by entering into the consent judgment, Applewhite "placed his insurance coverage ... in jeopardy, to the detriment and prejudice" of Progressive. Applewhite provided an affidavit in support of this motion. He stated in his affidavit that Progressive informed him that "by signing that Consent Judgment, my coverage with them may not apply and that I may, in fact, be personally liable for the Consent Judgment that I signed ... [and] [b]y relying on [Smith's attorney], my position in this matter has been severely prejudiced ..." The motion was first heard on May 19, 1999. Applewhite failed to appear. The motion was then continued to June 30, 1999, to "provide Applewhite with the opportunity to present his position with regard to setting aside the consent judgment." But again, on June 30, 1999, Applewhite failed to appear before the trial court. The court denied Applewhite's motion and ruled that the consent judgment would remain in full force and effect as entered on March 17, 1999. Smith's attorney contacted Progressive by two letters requesting payment but Progressive made no response. Smith then proceeded with the equitable garnishment action against Progressive.

On November 15, 2000, the trial court entered its judgment in the equitable garnishment proceedings. It found that Applewhite had materially breached his contract of insurance by entering into a consent judgment with Applewhite without notice to his insurer Progressive. The trial court found that was a breach of his duty to cooperate set forth in his insurance policy. However, the court also found that Progressive waived this breach by providing counsel to Applewhite in an effort to set aside the consent judgment. The court found that "with filing of the motion to set aside the consent judgment, Progressive assumed control of the litigation and provided a defense to Applewhite." Therefore, the trial court ordered Progressive to pay Smith the sum of $10,000 under the consent judgment. Progressive now appeals.

■ The sole question to review on appeal from a court-tried case based on stipulated facts is whether the trial court drew the correct legal conclusions from the facts stipulated. *Schroeder v. Horack*, 592 S.W.2d 742, 744 (Mo. banc 1979); *State Farm Mutual Auto. Ins. Co. v. Sommers*, 954 S.W.2d 18, 19 (Mo.App.1997).

In Progressive's three points on appeal, it claims that the trial court erred in entering a judgment for Smith in the equitable garnishment action because the insured, Applewhite, materially breached the terms of his insurance policy. Progressive contends that Applewhite committed a material breach when he: (1) failed to forward the suit papers to Progressive; (2) signed a $10,000 consent judgment in favor of Smith without notice to Progressive; and (3) failed to appear at the trial court's hearing to set aside the consent judgment. Consequently, Progressive argues that each breach provides Progressive with a defense of non-cooperation. Progressive asserts it is therefore not liable to pay the amounts due under the consent judgment, and it should have prevailed in the equitable garnishment action.

■ An equitable garnishment action is a legal proceeding, authorized by section 379.200 RSMo 1994, to reach insurance money in satisfaction of a judgment. In this proceeding, Smith "stands in the shoes" of Applewhite because the "rights of the injured person bringing an action against the insurer for equitable garnishment are derivative and can rise no higher than those of the insured...." *Hayes v. United Fire & Casualty Co.*, 3 S.W.3d 853,

857 (Mo.App.1999). Therefore, Progressive, "the insurer[,] may set up in the garnishment proceeding the defense of non-cooperation by the insured." *Id.* If a material breach by Applewhite, the insured, is proven, Progressive may deny liability coverage to the insured under the terms of the insurance policy, unless the insurer, Progressive, has waived its right to assert the defense of material breach or is estopped from asserting it. *Id.*

■ Before it can deny coverage because of a breach of the cooperation clause, an insurer must prove "(1) the existence of substantial prejudice and (2) the exercise of reasonable diligence to secure the insured's cooperation...." *Id.* The trial court held that entering into the consent judgment with Smith without notice to Progressive constituted a material breach.[1] We agree. Progressive's insurance policy states: "A person claiming coverage under this policy must: 1. cooperate with us in any matter concerning a claim or lawsuit." Applewhite, without any notice to Progressive, signed a consent judgment in favor of Smith. Progressive learned of the adverse judgment only after Smith's attorney tried to collect. This breach was material and prejudicial to Progressive. This action relieved Progressive from liability under the insurance policy.

■ Smith, however, maintains that even if Applewhite materially breached the terms of the insurance policy, Smith can still collect from Progressive. Smith argues that by undertaking the defense of Applewhite, through its motion to set aside

---

1. The trial court also held that Applewhite did not commit a breach of the cooperation clause by failing to forward all legal papers to Progressive or by failing to appear at the motion to set aside the consent judgment. It cited that Progressive received its own letter of the docket date and thus had actual knowledge of the Applewhite's docket call and that

Progressive failed to prove that it exercised reasonable diligence in securing Applewhite's appearance at the motion. Since we find that Applewhite committed a material breach through the signing of the consent judgment, we need not reach the merits of these two points.

the consent judgment, Progressive waived Applewhite's breach and is prevented from asserting it. We disagree.

■ Once Progressive proved the affirmative defense of breach on the part of the insured, the burden of proof shifted to Smith to prove the affirmative avoidance that Progressive waived the breach. We find that Smith failed to meet its burden of proof that Progressive waived its right to assert breach as a defense.

■ Waiver is the intentional relinquishment of a known right. *Shahan v. Shahan*, 988 S.W.2d 529, 534 (Mo. banc 1999). If waiver is "implied from conduct, the conduct must clearly and unequivocally show a purpose to relinquish the right." *Shapiro v. Shapiro*, 701 S.W.2d 205, 206 (Mo.App.1985). The burden of proof for waiver is on the party asserting the defense. *State, ex rel. Rope v. Borron*, 762 S.W.2d 427, 430 (Mo.App.1988).

We find that Smith did not meet this burden, because he failed to produce evidence that there was an intentional relinquishment by Progressive of its right to assert Applewhite's breach as a defense. The limited record before us does not support a finding that Progressive intentionally relinquished the breach as a defense. Applewhite's affidavit states that Progressive advised him that he may be personally liable under the consent judgment, and, because of his actions, his position with Progressive had been "severely prejudiced." This affidavit demonstrates that the insured was put on notice that by entering into the consent judgment with Smith, without notice to Progressive, he placed his insurance coverage in jeopardy. Additionally, Progressive's motion to set aside the consent judgment states that Applewhite "placed his insurance coverage with Progressive Insurance Company in jeopardy, to the detriment and prejudice of the [insured]." This evidence fails to demonstrate that Progressive intentionally relinquished its right to assert Applewhite's breach as a defense.

We conclude that Applewhite materially breached the insurance policy by signing the consent judgment without notice to Progressive, thus providing Progressive with a defense of breach of the policy by its insured. Additionally, we find that Smith failed to meet his burden of proof that Progressive intentionally relinquished or waived the breach. We hold that Progressive is not liable under the consent judgment, and therefore, the judgment against Progressive in the equitable garnishment action must be reversed.

The judgment of the trial court is reversed and remanded with instructions to enter judgment in favor of Progressive.

RICHARD B. TEITELMAN, P.J., and GARY M. GAERTNER, J., concur.