**Ida Mae RODGERS–WARD and Daniel Harper, Appellants,**

v.

**AMERICAN STANDARD INSURANCE COMPANY OF WISCONSIN, Respondent.**

No. ED 86221.

Missouri Court of Appeals, Eastern District, Division Two.

Nov. 22, 2005.

Motion for Rehearing and/or Transfer to Supreme Court Denied Jan. 9, 2006.

Application for Transfer Denied Feb. 28, 2006.

Rick A. Courtney, St. Louis, MO, for appellant.

Lawrence F. Hartstein, Hartstein & Bleisch, Clayton, MO, for respondent.

GARY M. GAERTNER, SR., Presiding Judge.

Appellants, Ida Mae Rodgers–Ward (individually "Plaintiff Rodgers–Ward") and Daniel Harper (individually "Plaintiff Harper") (collectively "Plaintiffs"), appeal from the judgment of the Circuit Court of the City of St. Louis in favor of Respondent, American Standard Insurance Company of Wisconsin ("American Standard"). Plaintiffs brought an equitable garnishment proceeding against American Standard attempting to collect on a default judgment previously entered in favor of Plaintiffs against Gaite Holte ("Holte"), who is insured by American Standard. We reverse and remand.

On September 23, 1998, Holte applied for automobile insurance coverage with American Standard. On that same day, American Standard issued a motor vehicle liability policy for Holte that was effective from September 23 to December 23, 1998. The policy between American Standard and Holte states, in its section titled "if you have an auto accident or loss," "[e]ach person claiming any coverage of this policy must ... [p]romptly send us any legal papers received relating to any claim or suit." In its "general provisions" section, the policy states "[a]ny person claiming any coverage of this policy must cooperate with us in performing all acts required by this policy."

On December 2, 1998, a motor vehicle collision occurred between a vehicle driven by Holte and a vehicle occupied by Plaintiffs. Both Plaintiffs were injured. On December 7, 1998, American Standard was notified of Plaintiffs' claims regarding the collision by attorney Daniel Brown. On May 6, 1999, American Standard denied the claims and closed its file.

On August 24, 1999, Plaintiffs filed a lawsuit against Holte ("the underlying lawsuit"). On April 9, 2001, Holte was served. However, contrary to the terms of the motor vehicle liability policy, Holte did not send American Standard the service of process. On June 29, 2001, a default judgment was entered in favor of Plaintiffs against Holte in the amount of $100,000.00 for Plaintiff Rodgers–Ward and

$100,000.00 for Plaintiff Harper, for a total judgment in the amount of $200,000.00 ("the underlying judgment"). On August 13, 2002, Plaintiffs' attorney sent a letter to Holte, and a copy of the letter of American Standard, notifying them of the underlying judgment. On September 16, 2002, American Standard re-opened its file regarding the collision between Holte and Plaintiffs.

On October 4, 2004, Plaintiffs filed their second amended equitable garnishment petition against American Standard[1] ("Plaintiffs' second amended petition"), attempting to collect from the underlying judgment. On January 19, 2005, American Standard filed its answer to Plaintiffs' second amended petition, asserting first and second affirmative defenses. In its first affirmative defense, American Standard alleged that the insurance contract entered into between it and Holte was not enforceable by Plaintiffs because Holte breached the contract. American Standard contended that Holte breached the contract by failing to comply with its terms, in that Holte failed to promptly notify American Standard that the summons, petition, or legal papers had been served upon him, and failed to promptly provide American Standard with the summons, petition, or legal papers, and as a result American Standard was prejudiced. In its second affirmative defense, American Standard alleged that it was further prejudiced by Plaintiffs' actions because Plaintiffs did not notify it of the underlying judgment for more than one year.

On March 14, 2005, the trial court held a bench trial on Plaintiffs' second amended petition. In its March 30, 2005 judgment, the court found that "[Holte] breached the contract with American Standard by failing to properly notify American Standard of the underlying lawsuit" and consequently, "American Standard was unable to defend the lawsuit and to contest liability, causation, or damages." The court also found that Holte's breach:

> was material and prejudicial thereby terminating any right of coverage to [Holte] under the policy issued by [American Standard to him] and as a result terminating any right of [Plaintiffs] to collect [the underlying judgment] against the policy.

Subsequently, the court entered judgment in favor of American Standard. This appeal by Plaintiffs followed.

■ In Plaintiffs' sole point on appeal, they argue that the trial court erred in granting judgment in favor of American Standard because Missouri's Motor Vehicle Financial Responsibility Law ("the MVFRL"), Chapter 303, RSMo 2000[2], invalidates American Standard's non-cooperation defense. Plaintiffs contend that they are entitled to the minimum liability coverage specified in section 303.190.2(2), that is, a judgment in the amount of $25,000.00 to Plaintiff Rogers–Ward and $25,000.00 to Plaintiff Harper for Plaintiffs' injuries resulting from their collision with Holte. Plaintiffs also claim they are entitled to costs and post-judgment interest.

■ We review a court-tried case involving the interpretation of a statute de novo. *Ochoa v. Ochoa*, 71 S.W.3d 593, 595 (Mo.banc 2002).

---

1. Plaintiff originally brought the action against American Family Mutual Insurance Company, but later substituted the correct insurer, American Standard, as the defendant. Proof of service on American Standard was filed on October 25, 2004 and November 1, 2004.

2. All statutory references are to RSMo 2000, unless otherwise indicated.

■ An equitable garnishment action is a legal proceeding, authorized by section 379.200, to reach and apply insurance money in satisfaction of a judgment. *Smith v. Progressive Cas. Ins. Co.*, 61 S.W.3d 280, 283 (Mo.App. E.D.2001). In an equitable garnishment proceeding, an injured person "stands in the shoes" of the insured because the "rights of the injured person bringing an action against the insurer for equitable garnishment are derivative and can rise no higher than those of the insured...." *Id.*, quoting *Hayes v. United Fire & Cas. Co.*, 3 S.W.3d 853, 857 (Mo. App. E.D.1999). Therefore, in an equitable garnishment proceeding, an insurer can assert the defense of the non-cooperation of the insured against the injured person. *Hayes*, 3 S.W.3d at 857.

Section 303.025.1 of the MVFRL requires an owner of a registered motor vehicle to maintain financial responsibility for any vehicle he owns (and registers), and for any vehicle he operates. *American Standard Ins. Co. v. Hargrave*, 34 S.W.3d 88, 90 (Mo.banc 2000). An owner of a registered motor vehicle often maintains financial responsibility by purchasing a motor vehicle liability policy. *Id.*

Section 303.190.2(2) of the MVFRL provides in pertinent part that a vehicle owner's policy of liability insurance:

[s]hall insure the person named therein ... as insured, using any such motor vehicle ... against loss from the liability imposed by law for damages arising out of the ... use of such motor vehicle ... subject to limits, exclusive of interest and costs, with respect to each such motor vehicle, as follows: twenty-five thousand dollars because of bodily injury to or death of one person in any one accident and, subject to said limit for one person, fifty thousand dollars because of bodily injury to or death of two

or more persons in any one accident.... Section 303.190.2(2).

According to section 303.190.6(1) of the MVFRL:

[t]he liability of the insurance carrier with respect to the insurance required by this chapter shall become absolute whenever injury or damage covered by the said motor vehicle liability policy occurs ... *no violation of said policy shall defeat or void said policy.* Section 303.190.6(1) (emphasis added).

■ The purpose of the MVFRL is to protect persons who are injured in motor vehicle accidents by allowing them to collect at least minimal damage awards against negligent motor vehicle operators. *American Standard Ins. Co.*, 34 S.W.3d at 90. Interests and costs are also recoverable, with interest being based on the minimum liability coverage set out in section 303.190.2(2). *Wilson v. Traders Ins. Co.*, 98 S.W.3d 608, 617–18 (Mo.App. S.D.2003). The minimum liability coverage required by Section 303.190.2(2) "enter[s] into and form[s] a part of the ... insurance contracts to which they are pertinent as fully as if such provisions were written into the policies." *Omaha Indem. Co. v. Pall, Inc.*, 817 S.W.2d 491, 498 (Mo.App. E.D.1991) *quoting Billings v. State Farm Mut. Auto. Ins.*, 741 S.W.2d 886, 888 (Mo.App. E.D. 1987). Furthermore, if an insurance contract's policy provisions conflict with the minimum requirements of section 303.190.2(2) of the MVFRL, those provisions are unenforceable to the extent they purport to deny the minimum liability coverage required by the statute. *See Distler v. Reuther Jeep Eagle*, 14 S.W.3d 179, 182 (Mo.App. E.D.2000).

In this case, Holte maintained financial responsibility for the vehicle he operated by purchasing a motor vehicle liability policy with American Standard. Pursuant to section 303.190.6(1), any violation of

Holte's motor vehicle liability policy with American Standard does not defeat or void said insurance policy.

■ Consequently, section 303.190.2(2) of the MVFRL requires that Holte's motor vehicle liability policy with American Standard provide minimum liability coverage to Plaintiffs, that is, $50,000.00 for bodily injury to two or more persons. · *See American Standard Ins. Co.*, 34 S.W.3d at 92. This required minimum liability coverage is part of the insurance contract that existed between Holte and American Standard at the time of the collision and may not be contracted around. Because the "cooperation clause" is unenforceable to the extent discussed, we need not address whether Holte breached his insurance contract with American Standard.

Therefore, the trial court erred in granting judgment in favor of American Standard because the "cooperation clause" in Holte's motor vehicle liability policy is unenforceable against Plaintiffs to the extent it purports to deny Plaintiffs the minimum liability coverage required by section 303.190.2(2). *See Distler*, 14 S.W.3d at 182. Point granted.

This judgment is reversed and the case is remanded for further proceedings consistent with this opinion. On remand, the court shall determine whether Plaintiffs are also entitled to costs and post-judgment interest.

GEORGE W. DRAPER III and KENNETH M. ROMINES, JJ., concur.