Carla CASHON and Kayla
Cashon, Appellants,

v.

ALLSTATE INSURANCE COMPANY,
Respondent.

No. ED 86611.

Missouri Court of Appeals,
Eastern District,
Division One.

May 2, 2006.

Daniel J. Brown, St. Louis, MO, for appellants.

Robert W. Cockerham, St. Louis, MO, for respondent.

PATRICIA L. COHEN, Judge.

### Introduction

Carla and Kayla Cashon ("Plaintiffs") appeal from the trial court's judgment granting summary judgment in favor of Allstate Insurance Company ("Allstate") on Plaintiffs' action for equitable garnishment. We reverse and remand.

### Statement of the Facts and Proceeding Below

On August 23, 2001, Carla and Kayla Cashon were involved in a motor vehicle accident with Michael Roberts in St. Louis County. At the time of the accident, Mr. Roberts had a motor vehicle liability policy with Allstate ("the Allstate policy").

The Allstate policy required that an insured inform Allstate "promptly" if the insured was involved in an accident. The Allstate policy further required that "[i]f an insured person is sued as the result of a motor vehicle accident, we must be informed immediately."

Mr. Roberts failed to inform Allstate of the accident. However, in September 2001, Plaintiffs' attorney informed Allstate that he would be representing Carla Cashon regarding her August 23, 2001 motor vehicle accident with its insured, Mr. Roberts. Allstate acknowledged receipt of notice in a reply to Plaintiffs' attorney. Thereafter, Allstate mailed a letter to Mr. Roberts requesting that he contact Allstate regarding the accident. Mr. Roberts failed to respond.

Plaintiffs served Mr. Roberts with a petition in connection with their claim for personal injuries on November 11, 2002. However, Mr. Roberts failed to inform Allstate of the lawsuit. In addition, Mr. Roberts did not file an answer or otherwise appear in the lawsuit. On January 7, 2003, the trial court entered a default judgment against Mr. Roberts and scheduled a hearing on damages. Following the hearing, the trial court entered judgment against Mr. Roberts and awarded $30,000 to Carla Cashon and $20,000 to Kayla Cashon.

On February 6, 2004, Plaintiffs' attorney informed Allstate of the judgment and demanded satisfaction. Upon receiving this information, Allstate advised Mr. Roberts, *inter alia*, that it was reserving its right to assert a defense of "no coverage" under the following policy provision:

> Notice
>> What To Do If There Is a Loss
>>> 3. If an insured is sued as a result of a motor vehicle accident, we must be informed immediately.

Plaintiffs ultimately filed a four-count action for equitable garnishment against Allstate, attempting to collect on the judgment against Mr. Roberts. Allstate filed an answer admitting that Plaintiffs had demanded payment of the judgment and

Allstate had refused. Allstate also set forth an affirmative defense, *inter alia*, asserting that Plaintiffs were not entitled to recover because Mr. Roberts was in material breach of the Allstate policy provision requiring notice of an accident. Subsequently, Allstate moved for summary judgment, alleging that Mr. Roberts committed a material breach of the policy by failing to comply with the notice provision. Plaintiffs responded to Allstate's motion for summary judgment and filed a cross-motion for summary judgment, arguing, *inter alia*, that Missouri's Motor Vehicle Financial Responsibility Law ("MVFRL") Sections 303.010—303.370 RSMo. (2000) invalidated the notice provision.

After a hearing on the cross-motions, the trial court granted Allstate's motion on the grounds that: "(1) Defendant had no actual knowledge of the underlying lawsuit and (2) Defendant suffered actual prejudice from the lack of notice." The trial court further held that Mr. Roberts "forfeited coverage under the policy of insurance because of his breach of the cooperation clause." Plaintiffs appeal.

■ On appeal, Plaintiffs argue that the trial court erred in granting Allstate's motion for summary judgment because application of the MVFRL invalidated the Allstate non-cooperation defense. Plaintiffs also contend that our recent decision in *Rodgers–Ward v. American Standard Ins. Co. of Wisconsin*, 182 S.W.3d 589 (Mo.App. E.D.2006) controls the disposition of this case. Allstate counters that the notice provision of the Allstate policy defeats coverage and is not in conflict with the MVFRL. Moreover, Allstate claims that

the *Rodgers–Ward* decision is inapplicable.[1]

### Standard of Review

Our review of summary judgment is *de novo*. *ITT. Commercial Fin. Corp. v. Mid–Am. Marine Supply Corp.*, 854 S.W.2d 371, 376 (Mo. banc 1993). We will uphold the grant of summary judgment if the movant is entitled to judgment as a matter of law and no genuine issues of material fact exist. *Id.* at 377. We accept as true facts contained in affidavits or otherwise in support of a party's motion unless contradicted by the non-moving party's response to the summary judgment motion. *Id.*

### Discussion

■ Plaintiffs argue in their only point that the MVFRL invalidated Allstate's defense of " 'failure to cooperate' up to the extent of $25,000.00 per person injured in the collision, $50,000.00 per accident, plus costs and post-judgment interest." Allstate counters that the notification of accident and lawsuit provisions of the Allstate policy constitute a condition precedent to recovery and failure to comply results in a forfeiture of coverage. Allstate further contends that Plaintiffs' argument with respect to the MVFRL is frivolous.

Section 303.025.1 [2] of the MVFRL provides that motor vehicle owners must maintain financial responsibility for their vehicles. *American Standard Ins. Co. v. Hargrave*, 34 S.W.3d 88, 90 (Mo. banc 2000). Vehicle owners typically maintain financial responsibility by purchasing a

---

1. Allstate also contends that the trial court's order should be affirmed on the grounds that Plaintiffs failed to comply with Rule 74.04(c)(2) by not admitting or denying each of Allstate's numbered factual statements in corresponding numbered paragraphs. As the facts do not appear to be in dispute, Plaintiffs'

failure to reply to Allstate's numbered paragraphs is not a sufficient basis for affirming the trial court's judgment.

2. All statutory references are to RSMo.2000 unless otherwise noted.

motor vehicle liability policy "which conforms to the requirements of the laws of this state." *Id.* Section 303.190.2 of the MVFRL provides that a motor vehicle liability policy must have limits no lower than twenty-five thousand dollars for bodily injury or death of one person and fifty thousand dollars because of bodily injury or death of two or more persons. Section 303.190.6(1) of the MVFRL further provides that "no violation of said policy shall defeat or void said policy."

The purpose of the MVFRL is to ensure that persons injured on Missouri highways may collect at least minimal damage awards against negligent motor vehicle operators. *Halpin v. American Family Mutual Insurance Co.* 823 S.W.2d 479, 482 (Mo. banc 1992). The legislature intended to require motor vehicle liability policies to provide coverage that is coextensive with liability. *Distler v. Reuther Jeep Eagle,* 14 S.W.3d 179, 182 (Mo.App. E.D.2000). Therefore, the minimum coverage required by the MVFRL becomes a part of the insurance contracts to which it applies, "as fully as if such provisions were written into the policies." *Rodgers–Ward v. American Standard Ins. Co. of Wisconsin,* 182 S.W.3d 589, 592 (Mo.App. E.D. 2006).

We recently analyzed the identical issue presented here in *Rodgers–Ward.* As in this case, the *Rodgers–Ward* appellants were injured in an automobile accident with the respondent insurance company's insured. 182 S.W.3d at 590. The policy at issue contained in pertinent part, the following language:

> in its section titled "if you have an auto accident or loss," "[e]ach person claiming any coverage of this policy must ... [p]romptly send us any legal papers received relating to any claim or suit." In its "general provisions" section, the policy states "[a]ny person claiming any coverage of this policy must cooperate with us in performing all acts required by this policy."

*Id.*

Five days after the accident, appellants' attorney informed the insurance company of appellants' claims. *Id.* In response, the insurance company denied the claims and "closed its file." *Id.* Thereafter, appellants filed a lawsuit against the insured. *Id.* Contrary to the terms of the relevant insurance policy, the insured did not send the insurance company service of process and apparently did not answer the petition. *Id.* Subsequently, the trial court entered a default judgment against the insured in the amount of $100,000 per appellant. *Id.* at 590–91.

Over a year later, appellants notified the insurance company of the default judgment and filed an equitable garnishment action attempting to collect on the underlying judgment. *Id.* at 591. As an affirmative defense, the insurance company asserted that the insurance policy was not enforceable because its insured breached the contract by failing to comply with its terms when he "failed to promptly notify [the insurance company] that the summons, petition or legal papers had been served upon him." *Id.* The insurance company also claimed that the insured's failure to notify it of the underlying judgment within one year caused prejudice. *Id.*

The trial court agreed with the insurance company and concluded that the insured breached the contract by failing to promptly notify the insurance company of the underlying lawsuit. More specifically, the trial court determined that the insured's breach:

> was material and prejudicial thereby terminating any right of coverage to [insured] under the policy issued by [insurance company to him] and as a result

terminated any right of [appellants] to collect [the underlying judgment] against the policy.

*Id.* at 591.

In their appeal, the *Rodgers–Ward* appellants presented the identical argument asserted here: the MVFRL invalidated the insurance company's non-cooperation clause and appellants were entitled to the minimum liability coverage specified in Section 303.190.2(2). We agreed with appellants and held that "the trial court erred in granting judgment in favor of [the insurance company] because the 'cooperation clause' in [the insured's] motor vehicle liability policy is unenforceable against [appellants] to the extent it purports to deny [appellants] the minimum liability coverage required by Section 303.190.2(2)." *Rodgers–Ward,* 182 S.W.3d at 593. (Citation omitted).

Allstate argues that *Rodgers–Ward* is distinguishable because the "insurance company decided the claim up front, and that case actually went to trial, where issues of liability and damages were litigated" in contrast to this case, where Plaintiffs obtained a default judgment. Having reviewed *Rodgers–Ward,* we fail to discern any support in the opinion for this contention. Indeed, we described the history of the litigation in *Rodgers–Ward* as follows:

> Plaintiffs brought an equitable garnishment proceeding against American Standard attempting to collect on a default judgment previously entered in favor of Plaintiffs against Gaite Holte ("Holte"), who is insured by American Standard.

*Rodgers–Ward,* 182 S.W.3d at 590.

Allstate also contends that *Rodgers–Ward* is inapplicable because the breach of the notice provision does not "void" the policy, but rather results in a forfeiture of coverage. In short, Allstate contends that

the accident at issue here is not a covered loss. This identical "loss of coverage" argument was asserted in *Rodgers–Ward.* In reversing the trial court's judgment (which included as a grounds, loss of coverage) and holding that, "[p]ursuant to Section 303.190.6(1), any violation of [the insured's] motor vehicle liability policy with [the insurance company] does not defeat or void said insurance policy," we clearly foreclosed Allstate's argument here. *Id.* at 592–93. Consistent with *Rodgers–Ward,* we hold that the notice and cooperation clauses of the Allstate policy are unenforceable against Plaintiffs to the extent they are asserted to deny Plaintiffs the minimum liability coverage required by Section 303.190.2(2). Point granted.[3]

### *Conclusion*

We reverse and remand for further proceedings consistent with this opinion.

MARY K. HOFF, P.J., Concurs.

CLIFFORD H. AHRENS, J., Concurs in separate opinion.

**CLIFFORD H. AHRENS, Judge, concurring.**

I concur in the majority opinion because the language of Missouri's Motor Vehicle Financial Responsibility Law essentially imposes strict liability on insurers for the minimum required insurance coverage. The statute specifically provides that the liability of the insurer regarding the insurance required by the statute "shall become absolute whenever injury or damage covered by the said motor vehicle policy occurs ... no violation of said policy shall defeat or void said policy[,]" section 303.190.6 RSMo (2000).

However, it should be noted that there are due process concerns that exist in the

---

3. Allstate's request for costs and damages un-

der Rule 84.19 is denied.

clash between compulsory auto insurance laws imposing strict liability and the contractual rights of insurers to notice and a reasonable opportunity to defend an action. In both *Rodgers–Ward v. American Standard Insurance Company of Wisconsin*, 182 S.W.3d 589 (Mo.App.2005) and this case, it is undisputed that the insurers had no notice of the filing of the suit against their insureds, and no notice or knowledge of the default judgments within the one-year period following the entry of the default judgment, within which a motion to set aside the default judgment could have been filed under Rule 74.05(d). The equitable garnishment actions in both cases were filed more than one year after the entry of the default judgment. Due process issues relating to the right to notice and an opportunity to appear in and defend the action were not before this court either in *Rodgers–Ward* or in the present case.

In some states, compulsory auto insurance statutes address these due process issues. For example, Michigan's compulsory automobile insurance statute provides that

> The insurance carrier shall not be liable on any judgment if it has not had prompt notice of and reasonable opportunity to appear in and defend the action in which such judgment was rendered, or if the judgment has been obtained through collusion between the judgment creditor and the insured.

Mich. Comp. Laws Ann. Section 257.520(f)(6). *See also Kleit v. Saad*, 153 Mich.App. 52, 395 N.W.2d 8 (1985). In 1981 the Georgia Supreme Court held in *Young v. Allstate Insurance Company*, 248 Ga. 350, 282 S.E.2d 115 (1981) that the insured's failure to notify the insurer of a lawsuit, as required by the policy, did not constitute a defense to the insurer's liability to the injured third party that filed the lawsuit. The Georgia Legislature responded by enacting legislation requiring that automobile insurance policies mandate that the insured promptly notify the insurer of litigation, and providing that the failure of the insured to notify the insurer of service of process

> shall constitute a breach of the insurance contract, which, if prejudicial to the insurer, shall relieve the insurer of its obligation to defend its insureds under the policy and of any liability to pay any judgment or other sum on behalf of its insureds.

Ga.Code Ann. Section 33–7–15. However, the legislation also stated that coverage would not be denied by the statute if a third party sent appropriate notice to the insurer or the insurer's agent. Ga.Code Ann. Section 33–7–15(c).

In other states, appellate courts have addressed the issue and found no due process violation where the insurer had notice and the opportunity to be heard. *See Sandoval v. Chenoweth*, 102 Ariz. 241, 428 P.2d 98 (1967) (insurer was not deprived of due process where the insurer had the opportunity to set aside the default judgment, but failed to act promptly); *Baldridge v. Kirkpatrick*, 63 P.3d 568 (Ok.App.2002) (insurer had right to due process and present its case in court, and that it could do so in an equitable garnishment action following a judgment against its insured).

Some appellate courts, while taking note of due process issues, have held that insurance companies have waived any due process rights that they might have by doing business in a state that has legislation mandating compulsory automobile insurance coverage. *See National Indemnity Co. v. Simmons*, 230 Md. 234, 186 A.2d 595 (1962); *Jones v. State Farm Mutual Automobile Insurance Company*, 270 N.C. 454, 155 S.E.2d 118 (1967).

Ultimately, these due process issues will need to be addressed by the Missouri legislature or the courts. Because these issues are not before us in this case, I concur in the majority opinion.